No. 298
BOWMAN v. RAPID TRANSIT LAND CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4964. Decided March 28, 1924

951. PRINCIPAL AND AGENT—Sales manager of Land Co. may bind Co. by oral promises and representations as to property sold by written agreement.

1063. SALES—An oral agreement to resell, which is the inducement and moving consideration for the signing of land contracts, is binding upon the Land Co., though made by the sales agent.

480. EVIDENCE — Testimony admitted without objecton cannot be complained of in higher court.

SULLIVAN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Bowman sued Land Co. in Cuyahoga Common Please Court, to cancel 4 land contracts and to recover the payments made thereon. The evidence disclosed that the sales manager of the Land Co., to induce Bowman to buy 4 lots instead of one, orally promised that the Co. would resell the lots for her at a profit by a time certain, and that she need only make the down payment on each lot; that relying on this promise, she signed 4 land contracts which did not contain the agreement to resell, but which provided in bold type that the Co. was not bound by any promise or agreement not contained in the land contract. The trial court (Clevenger, J.) rendered judgment for

## STATE COURT OF APPEALS—Continued

Bowman. In affirming the judgment, the Court of Appeals held:

1. "It is plain from the record that the sales manager was acting within the scope of his authority in making the sales of the 4 lots in question, and there can be no doubt but that when said representation became the inducing motive and moving cause for the execution of the contract, that the Co. is bound to accept the consequence and penalty whatever they may be arising from said representations. There can be no question, under the record in this case, but that the words and acts of the sales manager are binding upon the defendant corporation, even in the face of the clause in the land contracts, that the Co. is not bound by any representations not contained therein, because the public cannot be made to suffer and the defendant go free, by the seller of lands, under a land contract, taking refuge in a clause of the character above quoted."

Attorneys—Stearns, Chamberlain & Royon, for Rapid Transit Land Co.; White, Cannon & Spieth and Walter L. Spring, for Bowman, all of Cleveland.